## GREGORY, ESTATE OF, In Re

Ohio Appeals, 2nd Dist, Montgomery Co

No 1378. Decided April 28, 1936

John W. Bricker, Attorney General, Columbus, William Berwanger, Asst. Attorney General, Columbus, and Nicholas Nolan, Prosecuting Attorney, Dayton, for the State.

Thomas, Hyer, Leyland & Stewart, Dayton, for the Executrix.

## OPINION

By THE COURT

Submitted on motion of appellee, the State of Ohio, to dismiss the appeal of Marjorie H. Weyrich, executrix for the reason that this court has no jurisdiction to hear the same.

It appears from the record in this cause that the action arose in the Probate Court of Montgomery County in the Matter of the Estate of Thomas Gregory, deceased. The executrix filed a schedule of debts in which was set up the claim of the appellee and its rejection. To the schedule of debts exceptions were filed by the State of Ohio which the Probate Court heard and determined upon the merits making a finding and rendering judgment for the State and against the executrix. The executrix gave notice of intention to appeal both to the Common Pleas Court and to the Court of Appeals and on December 30, 1935 filed this action as on appeal in this court. The appeal was predicated upon §10501-62 GC, a newly enacted section of the Code found in 116 O.L., page 404, effective September 2, 1935. The section provides:

"If a judge of a Probate Court who has the qualifications provided by law for judges of the Court of Common Pleas, provides for the taking of a complete record at any hearing upon any matter before such Probate Court so that a bill of exceptions, or a complete record, may be prepared as provided by law in Courts of Common Pleas, there shall be no appeal to the Court of Common Pleas, in any such case; but an appeal may be prosecuted to the Court of Appeals in all matters within its jurisdiction in the manner provided by law for the prosecution of other appeals to said court."

It will be noted that this appeal is not prosecuted under the New Appellate Pro-

cedure Act which was effective as of January 1, 1936. The certificate of the Probate Judge discloses that at the time of the hearing of the cause in the Probate Court he had the qualifications provided by law for a judge of the Court of Common Pleas. A full record was taken of the proceedings and the testimony in that court which is before us in the form of a bill of exceptions.

The motion to dismiss the appeal is grounded upon the claim that the cause determined in the Probate Court may not be classified as a chancery case and it may not be considered in this court on appeal.

The section which we have quoted provides that:

"An appeal may be prosecuted to the Court of Appeals in all matters within its jurisdiction in the manner provided by law for the prosecution of other appeals to said court." (Emphasis ours).

Our jurisdiction to entertain causes on appeal is fixed by the Constitution, Article 4, §6 and is limited to cases which were cognizable in chancery prior to the adoption of our Civil Code. It is urged by counsel for the appellee that the proceeding in Probate Court was not a chancery case and counsel for the appellant relies upon the statute which we have heretofore quoted.

There would seem to be no doubt that the authority under which the Probate Court acted was purely statutory in character, relating to the settlement of an estate and takes on none of the character of a chancery proceeding. We are cited to **In Re Gurnea, 111 Oh St, 715,** which is a strong opinion and is authority, if any is needed, to the effect that a settlement in the Probate Court of the account of an executrix does not constitute a chancery case and it would follow that the intermediate steps from the beginning of the administration of an estate until its conclusion would not in any of the ordinary aspects of the settlement of an estate involve equitable action by the court.

The jurisdiction of this court being fixed by the Constitution can not be enlarged or limited by statutory enactment and the attempt of the Legislature to grant the right of appeal direct from the Probate Court in any cause other than that which are cognizable on appeal in this court under the Constitution is without effect.

The motion of the appellee will be sustained.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.